**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Kimberly A. Falcone <br> <u>Debtor</u> | CHAPTER 13 |
| Toyota Lease Trust <br> <u>Movant</u> <br> vs. | NO. 16-16560 AMC |
| Kimberly A. Falcone <br> <u>Debtor</u> | |
| William C. Miller Esq. <br> <u>Trustee</u> | 11 U.S.C. Section 362 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the Lease held by the Movant on the Debtor's residence is **$1,369.00,** which breaks down as follows;

Post-Petition Payments:        October 2016 through February 2017 at $273.80
**Total Post-Petition Arrears        $1,369.00**

2. The Debtor shall cure said arrearages in the following manner;

    a). Beginning March 2017 and continuing through August 2017, until the arrearages are cured, Debtor shall pay the present regular monthly payment of **$273.80** on the Lease (or as adjusted pursuant to the terms of the Lease) on or before the twenty-sixth (26th) day of each month plus an installment payment of **$228.17** towards the arrearages on or before the last day of each month at the address below;

Toyota Motor Credit Corporation
P.O. Box 9490
Cedar Rapids, Iowa 52409-9490

    b).    Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the lease and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date: February 7, 2017

By: /s/ **Thomas I. Puleo, Esquire**
Thomas I. Puleo, Esquire
Attorneys for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 2-10-17

Albert J. Scarafone, Jr. Esq.
Attorney for Debtor

Approved by the Court this _____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan